UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONIA ARROYAVE,

    Plaintiff,

-v-

UNIVERSAL REMOTE CONTROL, INC., *as well as* JIN CHANG and CHANG PARK, *individually*,

    Defendants.

CIVIL ACTION

ECF CASE
Case No. 7:20-cv-08040 (VB)

## STIPULATION AND [PROPOSED] ORDER FOR THE PROTECTION OF DOCUMENTS AND INFORMATION

WHEREAS, Plaintiff Sonia Arroyave brought the above-captioned action against Defendants Universal Remote Control, Inc. ("URC"), Jin Chang, and Chang Park (together with Plaintiff, "the parties");

WHEREAS, the parties may seek to discover certain information and documents that are relevant to this action, and the parties agree that these documents and information may be protected from disclosure by various privileges and/or federal and state privacy laws and regulations;

WHEREAS, in order to permit the parties to discover certain such information and documents relevant to the subject matter of this case without making this confidential or privileged information public, the parties desire that the Court enter this Stipulation and Order for the Protection of Documents and Information ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purposes of assuring the protection and confidentiality of such information and documents;

WHEREAS, all materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information

derived directly therefrom (hereinafter collectively referred to as "documents"), shall be subject to this Protective Order concerning Confidential Materials as defined below, and this Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their counsel, as follows:

1. In response to discovery requests, the parties may designate as "Confidential Material" documents that are to be shielded from public access. Confidential Material shall not include any documents, information, or other material which:

   a. has been or becomes part of the public domain by publication or otherwise, other than by any unauthorized act or omission on the part of the receiving party (including its agents, experts, or attorneys) or a nonparty alleged to have a duty to maintain such documents, information, or other material as confidential; or

   b. was both lawfully obtained by and lawfully retained in the possession of the receiving party prior to and apart from this litigation and was not subject to a similar Protective Order or confidential designation; or

   c. the receiving Party lawfully receives from a nonparty who obtained the same by legal means and without any obligation of confidentiality to the party claiming its confidential nature. For the avoidance of doubt, if a nonparty produces Confidential Material pursuant to a subpoena, it shall remain Confidential Material. "Confidential Material," except to the extent otherwise permitted herein, shall be used solely for the purposes of this litigation, and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

2. The parties shall designate "Confidential Material" by placing on the documents, records and/or information to be produced a "Confidential" notice or its equivalent. Any confidential designation that is inadvertently omitted following the entry of this Protective Order will not constitute a waiver of confidentiality, and may be corrected by written notification to the receiving party.

3. The parties, subject to paragraph 4(b) below, shall not make copies of "Confidential Material" except to the extent necessary for the litigation of this action and the parties' preparation of this action for trial.

4. "Confidential Material" shall be handled as follows:

a. Information designated as "Confidential Material" shall not be disclosed to the public in any form by the parties or their respective counsel, nor disclosed to any other person or entity without further order of the Court or stipulation by the parties.

b. Information designated as "Confidential Material" may be disclosed by the parties or their respective counsel only to the following persons: (1) the parties to the action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such parties, or any current or former employees of such parties who are authorized to act on the parties' behalf, or who may be reasonably necessary to aid counsel in the litigation of this action; (2) counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff; (3) outside vendors who perform scanning, photocopying, computer classification, or similar clerical functions, but only for the time period necessary to perform those services; (4) the Court and its personnel provided that such confidential information is filed under seal in accordance with paragraph 6 of this Protective Order; (5) court reporters who record depositions or other testimony

in the Actions; (6) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (7) witnesses at any deposition in the Actions, subject to the provisions of paragraph 12 of this Protective Order; (8) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of the Actions; (9) witnesses expected to testify at trial; and (10) any other person to whom the party who originally designated the material as confidential agrees in writing after being given five (5) business days written notice. The parties may additionally designate material as "Confidential Material – Attorneys' Eyes Only," in which event only counsel to the parties, not the parties themselves, may review and share such material with those persons identified in subparts (2), (3), (4), (8), and (10) above.

      c. If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses. At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

4

5. All individuals to whom documents deemed "Confidential Material" are disclosed shall be informed of and shall agree with the terms of this Protective Order; shall not disclose or use "Confidential Material" except in compliance with this Protective Order; and, acknowledge their agreement to comply with this Protective Order by signing the Acknowledgement Form (attached hereto as Exhibit A). A copy of each such Acknowledgement Form must be provided promptly after its execution to counsel of record for all parties.

6. With respect to all information and documents designated as "Confidential Material" in accordance with the terms of this Protective Order and any pleadings, motions or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, the parties shall, before filing such information or documents with the Court, make a motion to the Court requesting permission to file such information or documents "under seal." If the party's request is granted, the information or documents to be filed "under seal" shall be filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the information or documents filed "under seal" if feasible, given the information that needs to be redacted. The parties shall comply with the Southern District of New York's Steps for E-Filing Sealed Documents in Civil cases if they wish to move to file a document under seal.

7. All "Confidential Material" supplied by the parties, and all copies thereof, shall be returned to counsel within ninety (90) days of the conclusion of this litigation through settlement and completion of all settlement terms, or if applicable, after all trial and/or appellate proceedings have been completed. In the alternative, counsel may certify in a signed writing addressed to the producing party's counsel that all "Confidential Material" has been destroyed. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an

archival copy of all pleadings and motion papers filed with the Court (including attached exhibits), transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain "Confidential Material." Any such archival copies that contain or constitute "Confidential Material" remain subject to this Protective Order.

8. Inadvertent production of any "Confidential Material" or information without it being marked "Confidential Material," or any inadvertent production of material subject to privilege or immunity, shall not in itself be deemed a waiver of any claim or confidentiality, privilege, or immunity as to those documents or information. If a party fails to mark an item as "Confidential Material" at the time of production, it may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential. In the event of inadvertent production or disclosure as described in this paragraph, the producing entity may provide written notice to the parties identifying the material inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing entity all such material, and copies thereof, in his, her or its possession.

9. This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to discoverability, relevance, or admissibility of a document or information. Nor does this Protective Order constitute a ruling on the question of whether the parties may withhold any particular document or category of information on the basis of privilege.

10. This Protective Order does not constitute a waiver of any privilege or defense that the parties or any witness has regarding the production of the requested information. Thus, this Protective Order cannot be used as evidence of a waiver of any production objection, including,

but not limited to, relevance, undue burden, over breadth, ambiguity, or that the information sought will not lead to the discovery of admissible evidence.

11. Any party who objects to any designation of confidentiality may at any time before the trial of the Actions serve upon counsel for the producing party a written notice stating with particularity the grounds of the objection. If the parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to this Court in accordance with federal, local, and individual rules concerning such motions practice.

12. This Protective Order is without prejudice to the rights of the parties to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. This Protective Order shall not prejudice in any way the right of the parties or counsel for a witness to apply to the Court for a further protective order relating to any confidential information.

13. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Material:

a. The receiving party must notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

c.     The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its Confidential Material in the court from which the subpoena or order was issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Material by the other party to this case.

14.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

15.    It is contemplated that this Stipulation and Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

Dated: January 5, 2022
       New York, New York

BAKER BOTTS L.L.P.
/s/ Andrew M. Lankler
Andrew M. Lankler
Eric DuPont
30 Rockefeller Plaza
New York, New York 10112

Peter H. Kang (admitted *pro hac vice*)
1001 Page Mill Road
Building One. Suite 200
Palo Alto, CA 94304-1007

*Attorneys for Defendants Universal Remote Control, Inc., Jin Chang, and Chang Park*

PHILLIPS & ASSOCIATES, PLLC
/s/ Marjorie Mesidor
Marjorie Mesidor

8

        Joseph Myers
        585 Stewart Avenue, Suite 410
        Garden City, New York 11530

        *Attorneys for Plaintiff Sonia Arroyave*

SO ORDERED:

This  6th  day of  January , 2022.

*[signature]*

---

HONORABLE VINCENT BRICETTI
United States District Judge
Southern District of New York

# EXHIBIT A

## STIPULATION AND ORDER FOR THE PROTECTION OF DOCUMENTS AND INFORMATION ACKNOWLEDGMENT FORM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONIA ARROYAVE,<br><br>        Plaintiff,<br><br>-v-<br><br>UNIVERSAL REMOTE CONTROL, INC., *as well as* JIN CHANG and CHANG PARK, *individually*,<br><br>        Defendants. | CIVIL ACTION<br><br>ECF CASE<br>Case No. 7:20-cv-08040 (VB) |

I, _____ , being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have read and understand the provisions of the Stipulation and Order for the Protection of Documents and Information in this case and I will comply with all of its provisions.

5. I will hold in confidence, and not disclose to anyone not qualified under the Stipulation and Order for the Protection of Documents and Information, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" or "Confidential Material – Attorneys' Eyes Only" that has been disclosed to me.

6. I will limit my use of "Confidential Material" or "Confidential Information – Attorneys' Eyes Only" solely to the purpose of this lawsuit.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: _____                  _____
                                                                                      Signature